# Exhibit A

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 12/4/2020 3:02 PM

*Brian K. Hart* -Clerk of Court



# In The State Court of Chatham County

### 133 Montgomery Street, Room 501, Savannah, GA 31401

www.statecourt.org • Phone (912) 652-7224 • FAX (912) 652-7229 • clerk@statecourt.org

| Jackie Hays | STCV20-02315 |
|---|---|
| Plaintiff | Case Number |

Vs

| National Interstate Insurance Company | Address of Defendant |
|---|---|
| | 40 Technology Parkway South, Suite 300 Norcross, Georgia 30092 |
| Defendant | |

## SUMMONS

National Interstate Insurance Company c/o Corporation Service Company

TO THE ABOVE NAMED DEFENDANT:

Defendant's Address  40 Technology Parkway South, Suite 300, Norcross, GA 30092

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Boone Phillips, Esq.
1901 Abercorn Street
Savannah, Georgia 31401

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

*Brian K. Hart*

**CLERK OF COURT**
**State Court of Chatham County**

/s/ Moneisha Green

Deputy Clerk, State Court of Chatham County

> Not valid until signed and sealed by a Deputy Court Clerk

PRINT

27. Summons 10-16-2020

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 12/4/2020 3:02 PM

*Brian K. Hart* -Clerk of Court



# *In The State Court of Chatham County*

### 133 Montgomery Street, Room 501, Savannah, GA 31401

www.statecourt.org  •  Phone (912) 652-7224  •  FAX (912) 652-7229  •  clerk@statecourt.org

| | |
|---|---|
| **Jackie Hays** | STCV20-02315 |
| Plaintiff | Case Number |

Vs

| | |
|---|---|
| **David Thompson** | Address of Defendant |
| | 18 Windsor on the Marsh<br>Savannah, Georgia 31419 |
| Defendant | |

## SUMMONS

David Thompson

TO THE ABOVE NAMED DEFENDANT:

Defendant's Address  18 Windsor on the Marsh, Savannah, GA 31419

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

> Boone Phillips, Esq.
> 1901 Abercorn Street
> Savannah, Georgia 31401

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

*Brian K. Hart*

**CLERK OF COURT**
**State Court of Chatham County**

/s/ Moneisha Green

Deputy Clerk, State Court of Chatham County

> Not valid until
> signed and sealed
> by a Deputy Court
> Clerk



27. Summons  10-16-2020

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 12/4/2020 3:02 PM

*Brian K. Hart* -Clerk of Court



# *In The State Court of Chatham County*

### 133 Montgomery Street, Room 501, Savannah, GA 31401

www.statecourt.org • Phone (912) 652-7224 • FAX (912) 652-7229 • clerk@statecourt.org

| | |
|---|---|
| **Jackie Hays** | STCV20-02315 |
| Plaintiff | Case Number |

Vs

| | |
|---|---|
| Sapp's Wrecker Service, Inc. Registered Agent Darel Sapp | Address of Defendant |
| | 34 Gulfstream Road Savannah, Georgia 31407 |
| Defendant | |

## SUMMONS

### Darel Sapp of Sapp's Wrecker Service

TO THE ABOVE NAMED DEFENDANT:

Defendant's Address 34 Gulfstream Road, Savannah, Georgia 31407

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

> Boone Phillips, Esq.
> 1901 Abercorn Street
> Savannah, Georgia 31401

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

*Brian K. Hart*

**CLERK OF COURT**
**State Court of Chatham County**

/s/ Moneisha Green

Deputy Clerk, State Court of Chatham County

> Not valid until signed and sealed by a Deputy Court Clerk

27. Summons 10-16-2020

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 12/4/2020 3:02 PM

*Brian K. Hart* - Clerk of Court



## In The State Court of Chatham County, Georgia

**133 MONTGOMERY STREET, ROOM 501, SAVANNAH, GA 31401**

www.statecourt.org · Phone (912) 652-7224 · FAX (912) 652-7229 · clerk@statecourt.org

Jackie Hays

_____

_____

_____

_____ Plaintiff

Vs

Sapp's Wrecker Service, Inc. through Registered Agent:

Darel Sapp; David Thompson; National Interstate Insurance

Company

_____

Defendant

Counsel or Party Counsel or Party
**STCV20-02315**

**Case Number**

## CERTIFICATION UNDER RULE 3.2

Pursuant to rules 3.2 and 3.4 of the Uniform Superior Court Rules and Local Rule # **6.4** of the Eastern Judicial Circuit of Georgia, I hereby certify that no case has heretofore been filed in the State Court of the Eastern Judicial Circuit involving substantially the same parties or substantially the same subject matter or substantially the same factual issues which would require the petition-pleading to be specifically assigned to the judge whom the original action was or is assigned.

This **4th** day of **December**, 20 **20**

_____
Counsel or Party

**OR**

Pursuant to Rules 3.2 and 3.4 of the Uniform Superior Court Rules and Local Rule # _____ of the Eastern Judicial Circuit of Georgia, I hereby certify that this petition-pleading involves substantially the same parties or substantially the same factual issues as in Case # _____

_____ VS _____
Plaintiff                           Defendant

Filed in The Eastern Judicial Circuit of Georgia which under Rule 3.2 of the Superior Court rules require the petition-pleading, be specifically assigned to the Judge whom the original action was or is assigned.

_____
Counsel or Party

PRINT

7. Certification under rule 3.2   09-05

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 12/4/2020 3:02 PM

*Brian K. Hart* -Clerk of Court

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JACKIE HAYS
 Plaintiff,

v.

SAPP'S WRECKER SERVICE, INC.,
DAVID THOMPSON, and
NATIONAL INTERSTATE INSURANCE COMPANY,
 Defendants.

---

## COMPLAINT FOR DAMAGES

---

COMES NOW, through undersigned counsel, Plaintiff, JACKIE HAYS ("HAYS"), major domiciliary of Delhi, Richland Parish, Louisiana, who respectfully represents:

1.

Made Defendants herein are:

 a) SAPP'S WRECKER SERVICE, INC. ("SAPP'S"), a corporation authorized to do and actually doing business in the State of Georgia; and

 b) DAVID THOMPSON ("THOMPSON"), major domiciliary of Savannah, Chatham County, Georgia;

 c) NATIONAL INTERSTATE INSURANCE COMPANY, a foreign Insurance Company authorized and actually doing business in the State of Georgia;

2.

On or about December 5, 2018, HAYS, assisted by Devon Proctor ("Proctor"), was retrieving a 2007 Chevrolet 2500HD out of impound at SAPP'S WRECKER SERVICE, INC.

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 12/4/2020 3:02 PM

*Brian K. Hart* -Clerk of Court

located at 34 Gulfstream Road, Savannah, Chatham County, Georgia. It was determined that the vehicle was disabled and HAYS and Proctor needed to work on the vehicle prior to departure.

3.

HAYS was told by staff of SAPP's that he could not work on the vehicle in SAPP'S parking lot and he would have to go to the Clifton Boulevard side of the fence to perform work on the vehicle.

4.

A short time later, HAYS and Proctor began work on the vehicle next to the fence in the parking lot. HAYS was on his side underneath the chassis of the vehicle attempting to jack the vehicle up to replace the broken right rear tire.

5.

While HAYS was working on the vehicle THOMPSON was backing a 2007 Peterbilt 378 out of SAPP'S parking lot toward Clifton Boulevard and as he was backing up the 2007 Peterbuilt 378 he ran over HAYS' legs.

6.

The sole and legal cause of this accident and all resulting damages was the fault and negligence of Defendant, SAPP'S in the following particulars:

(a)     Negligent hiring;

(b)     Negligent supervision;

(c)     Failure to properly train employees;

(d)     Directing HAYS and Proctor to repair his vehicle in an unsafe location; and

(e)     Failure to monitor, evaluate, amend and/or sanction unsafe and/or hazardous policies and procedures conducted on the premises

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 12/4/2020 3:02 PM

*Brian K. Hart* -Clerk of Court

7.

Defendant, SAPP'S, is vicariously liable for the conduct of its employees on the theory of respondeat superior pursuant to O.C.G.A. §§ 51-2-2 and 51-2-5.

8.

The sole and legal cause of this accident and all resulting damages was the fault and negligence of Defendant, THOMPSON, in the following particulars:

(a)     Failing to yield to pedestrians who have the right-of-way;

(b)     Failing to see what he should have seen;

(c)     Failing to maintain proper attention while operating a vehicle; and

(d)     Operating a motor vehicle on a private drive when it was not safe to do so.

9.

Defendant National Interstate Insurance Company is liable to plaintiff for damages pursuant to the provisions of Georgia law which permit a direct action against the insurer (O.C.G.A. §§ 40-2-140 and 40-1-51).

10.

As a result of this accident, Plaintiff, JACKIE HAYS, sustained the following:

(a)     past, present, and future physical injuries;

(b)     past, present, and future physical pain and suffering;

(c)     past, present, and future mental anguish and emotional distress;

(d)     past, present, and future medical expenses;

(e)     past, present, and future loss of enjoyment of life;

(f)     past, present, and future loss of wages and/or earning capacity;

(g)     past, present, and future interest;

(h)     past, present, and future costs; and

(i)     other damages to be more particularly proven at trial on the merits.

11.

In this accident, Plaintiff, JACKIE HAYS, sustained injuries to his legs and back, along with other injuries.

12.

Defendants, SAPP'S WRECKER SERVICE, INC. and DAVID THOMPSON, are liable unto Plaintiff, individually and jointly, with regard to the claims asserted herein.

**WHEREFORE** Plaintiff prays for the following relief:

a.)  That this Complaint be filed and Summons issued requiring the Defendants to answer in terms of law;

b.)  That Plaintiff be awarded special damages in the amount proven by competent evidence at trial for medical bills which have been incurred and for any and all future medical care that may be required as a result of the injuries received;

c.)  That Plaintiff be awarded general damages for pain and as may be determined by the enlightened conscience of the jury;

d.)  That Plaintiff be granted trial by jury at the earliest possible time; and,

e.)  That Plaintiff have such other and further relief as the Court or a jury may allow.

Respectfully submitted,

PHILLIPS CARSON & PHILLIPS

J. BOONE PHILLIPS
BAR NO. 343510
1901 ABERCORN ST.
SAVANNAH, GA 31401
912.232.0081
FACSIMILE (866) 232.9070

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 12/4/2020 3:02 PM

*Brian K. Hart* -Clerk of Court

PLEASE SERVE:

SAPP'S WRECKER SERVICE, INC.
THROUGH AGENT FOR SERVICE
DAREL SAPP
34 GULFSTREAM ROAD
SAVANNAH, GA 31407

DAVID THOMPSON
18 WINDSOR ON THE MARSH
SAVANNAH, GA 31419

NATIONAL INTERSTATE INSURANCE COMPANY
THROUGH REGISTERED AGENT
CORPORATION SERVICE COMPANY
40 TECHNOLOGY PARKWAY SOUTH, SUITE 300
NORCROSS, GA 30092

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 12/4/2020 3:02 PM

*Brian K. Hart* –Clerk of Court



# *In The State Court of Chatham County*

### 133 Montgomery Street, Room 501, Savannah, GA 31401

www.statecourt.org • Phone (912) 652-7224 • FAX (912) 652-7229 • clerk@statecourt.org

Jackie Hays

STCV20-02315

**Case Number**

Plaintiff

**Versus**

Darel Sapp of Sapp's Wrecker Service, LLC

David Thompson

National Interstate Insurance Co.

Defendant

## STATEMENT OF REQUIREMENT

The attached original discovery material, entitled, Request for Interrogatories and Request for Production of Documents

is hereby submitted to the State Court of Chatham County for filing under the provisions of Rule 5.2 of the Uniform Rules for the Superior and State Courts and O.C.G.A. 9-11-29.1 (a)(1)-(5).  The materials proffered are:

_____   Required by the Court.

___✓___   Required for use at trial.

___✓___   Required for the Court's consideration of a pre or post trial motion

Respectfully submitted this __4th__ day of __December__ , 20 __20__

Attorney's Printed Name   Boone Phillips

Address:   1901 Abercorn Street

Savannah, Georgia 31401

*Boone Phillips*

Telephone #:  (912) 232-0081   GA Bar #:   343510

Attorney's Signature

*25. Statement of Requirement  09-05*

Print Form

SHERIFF'S ENTRY OF SERVICE

Civil Action No. STCV20-02315

Date Filed _____

Attorney's Address

PHILLIPS CARSON & PHILLIPS

420 WEST BROUGHTON STREET

SAVANNAH GA 31401-4406

Name and Address of Party to Served

NATIONAL INTERSTATE INSURANCE CO

C/O CSC 40 TECH PKWY S, SUITE 300

NORCROSS, GA 31401

Superior Court ☐        Magistrate Court ☐
State Court    ☐        Probate Court   ☐
Juvenile Court ☐

Georgia, CHATHAM _____ COUNTY

JACKIE HAYS
_____
                              Plaintiff

VS.

SAPP'S WRECKER-DAREL SAPP, DAVID

THOMPSON, NATL INTERSTATE INS CO
                              Defendant

_____

_____

_____
                              Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _____ personally with a copy
☐ of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant *National Interstate Insurance Company* a corporation
☐ by leaving a copy of the within action and summons with *Alisha Smith*
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This 10 day of December, 20 20                    M C DIAZ  501763

DEPUTY

# In The State Court of Chatham County

www.statecourt.org · Phone (912) 652-7224 · FAX (912) 652-7229 · clerk@statecourt.org

Brian N. Hart

*Return of Service in the matter of:*

Case Number STCV20-02315

Jackie Hays

Cause of Action _____

Vs | Plaintiff(s)

**Boone Phillips**

Plaintiff or Plaintiff's Attorney)

David Thompson | Defendant(s)

*NAME and ADDRESS of the PERSON TO BE SERVED*

**David Thompson**

**18 Windsor on the Marsh**

**Savannah, Georgia 31419**

Garnishee

## SHERIFF'S RETURN OF SERVICE

I do hereby certify that I am a duly sworn sheriff / deputy sheriff; that I have made a diligent search of the jurisdiction and report the result of that effort below, pursuant to OCGA 9-11-4.

I further certify that on the __21__ day of ___Dec___, 20__20__ I did serve the summons and complaint on the above named defendant at ___176 Godly Rd___ (Street Address) ___Port Wentworth, Ga___ (City / State / Zip) a place, by:

[✓] **PERSONAL SERVICE** I have this day served the Defendant, *David Thompson* with a true copy of the within petition and summons.

[ ] **RESIDENTIAL SERVICE** I have this day served the Defendant, _____ with Sui Juris,

a true copy of the within petition and summons by serving same upon _____, a person, residing residing within the premises.

[ ] **CORPORATE SERVICE** I have this day served the Defendant, _____ a corporation, with a true

copy of the within petition and summons by handing the same in person to _____ officer of the corporation.

[ ] **TACKED AND MAILED SERVICE** I have this day executed the within Affidavit and Summons by tacking a copy of the within process on the door of the premises designated in said action and also by depositing a true copy thereof in the United States mail in a properly addressed envelope marked for the Defendant at his last known address with sufficient postage affixed thereto.

[ ] **GARNISHEE** I have this day served the Summons of garnishment upon _____ by handing the

original of same to _____, a person, at _____, he/she being

the _____ and agent in charge of _____ at the time of service in Chatham County.

[ ] **MAILED SERVICE** This is to certify that I have this day served the defendant, _____ with

a copy of the within Affidavit and Summons by depositing a copy thereof in the United States mail, in an envelope properly addressed to the defendant at his last known address as shown in said Affidavit, with adequate postage affixed thereon.

[ ] **DILIGENT SEARCH** Diligent search was made and Defendant is not to be found in the jurisdiction, Chatham County.

Grant 765

Sheriff / Deputy Sheriff, _____ County, Georgia

PRINT

**SHERIFF'S COPY**

23. Sheriff's Entry of Service 09-11

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 12/4/2020 12:36 PM *Brian K. Hart* -Clerk of Court

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 12/4/2020 3:02 PM *Brian K. Hart* -Clerk of Court



# In The State Court of Chatham County

### 133 Montgomery Street, Room 501, Savannah, GA 31401

www.statecourt.org  ·  Phone (912) 652-7224  ·  FAX (912) 652-7229  ·  clerk@statecourt.org

| Jackie Hays | STCV20-02315 |
|---|---|
| **Plaintiff** | **Case Number** |

Vs

| David Thompson | **Address of Defendant** |
|---|---|
| | 18 Windsor on the Marsh<br>Savannah, Georgia 31419 |
| **Defendant** | |

## SUMMONS

David Thompson

TO THE ABOVE NAMED DEFENDANT: _____

Defendant's Address  18 Windsor on the Marsh, Savannah, GA 31419 ,

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney,
whose name and address is:

> Boone Phillips, Esq.
> 1901 Abercorn Street
> Savannah, Georgia 31401

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded
in the complaint.

Per Sheriff

serve at

Sapp's Wrecker

176 Godley Rd.

*Brian K. Hart*

**CLERK OF COURT**
**Court of Chatham County**

/s/ Moneisha Greer

Deputy Clerk, State Court (

Not valid until
signed and sealed
by a Deputy Court
Clerk

PRINT

27. Summons  10-16-2020

# InThe State Court of Chatham County

www.statecourt.org · Phone (912) 652-7224 · FAX (912) 652-7229 · clerk@statecourt.org

**Return of Service in the matter of:**

Case Number _STCV20-02315_

Jackie Hays

_____

Cause of Action _Tort_

**Vs**                                    Plaintiff(s)

Boone Phillips, Esq.
_____
Plaintiff or Plaintiff's Attorney

Darel Sapp of Sapp's Wrecker Service, Inc.
_____ Defendant(s)

*NAME and ADDRESS of the PERSON TO BE SERVED*

34 Gulfstream Road

Savannah, Georgia 31407

_____

Garnishee

## SHERIFF'S RETURN OF SERVICE

**I do hereby certify that I am a duly sworn sheriff / deputy sheriff; that I have made a diligent search of the jurisdiction and report the result of that effort below, pursuant to OCGA 9-11-4.**

I further certify that on the _12_ day of _Nov_ _20 20_ I did serve the summons and complaint on the above named defendant at _34 Gulfstream Rd_ (Street Address) _Savannah, Ga. 31407_ (City / State / Zip) a place, by:

[ ] **PERSONAL SERVICE**  I have this day served the Defendant, _____ with a true copy of the within petition and summons.

[ ] **RESIDENTIAL SERVICE**  I have this day served the Defendant, _____ with Sui Juris, a true copy of the within petition and summons by serving same upon _____, a person, residing residing within the premises.

[✓] **CORPORATE SERVICE**  I have this day served the Defendant _Sapp's Wrecker Svc_ a corporation, with a true copy of the within petition and summons by handing the same in person to _Darel Sapp (Reg. Agent)_ officer of the corporation.

[ ] **TACKED AND MAILED SERVICE**  I have this day executed the within Affidavit and Summons by tacking a copy of the within process on the door of the premises designated in said action and also by depositing a true copy thereof in the United States mail in a properly addressed envelope marked for the Defendant at his last known address with sufficient postage affixed thereto.

[ ] **GARNISHEE**  I have this day served the Summons of garnishment upon _____ by handing the original of same to _____, a person, at _____, he/she being the _____ and agent in charge of _____ at the time of service in Chatham County.

[ ] **MAILED SERVICE**  This is to certify that I have this day served the defendant, _____ with a copy of the within Affidavit and Summons by depositing a copy thereof in the United States mail, in an envelope properly addressed to the defendant at his last known address as shown in said Affidavit, with adequate postage affixed thereon.

[ ] **DILIGENT SEARCH**  Diligent search was made and Defendant is not to be found in the jurisdiction, Chatham County.

_____
Sheriff / Deputy Sheriff, _Chatham_ County, Georgia

23. Sheriff's Entry of Service 09-11

PRINT

RECEIVED FOR FILING, STATE COURT CLERK, CHATHAM CO. BY WADE DL 11:11M

Brian A. Hart   -Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

JACKIE HAYS,

      Plaintiff,

v.

SAPP'S WRECKER SERVICE, INC.,
DAVID THOMPSON, and NATIONAL
INTERSTATE INSURANCE COMPANY,

      Defendants.

CIVIL ACTION FILE NO.

STCV20-02315

### DEFENDANT SAPP'S WRECKER SERVICE, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, **SAPP'S WRECKER SERVICE, INC.,** ("this Defendant") and files the following Answer to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

This Defendant denies that this Defendant was negligent in any manner, or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by the Plaintiff.

### THIRD DEFENSE

Plaintiffs' alleged damages were directly and proximately caused by Plaintiffs' own contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiff is not entitled to recover from this Defendant.



## FOURTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided the incident referenced in the Complaint and, therefore, Plaintiff is not entitled to recover from this Defendant.

## FIFTH DEFENSE

The sole and proximate cause of the accident referenced in the Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than this Defendant.  Therefore, Plaintiff is barred from any recovery against this Defendant.

## SIXTH DEFENSE

Some or all of Plaintiffs' claims may be barred by the doctrines of waiver, consent, release, failure of consideration, estoppel, fraud, illegality, injury by fellow servant, laches, license, Statute of Frauds, payment and/or accord and satisfaction.

## SEVENTH DEFENSE

To the extent any claim for punitive damages or attorney's fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, is or may be made by Plaintiff, no basis exists for such claims and, further, imposing punitive damages under the circumstances of this case upon this Defendant would violate their rights under the Constitution of the State of Georgia and the United States Constitution.  Further in this regard, this Defendant specifically shows that a *bona fide* dispute exists to the extent that this Defendant is not liable to Plaintiff.

## EIGHT DEFENSE

The injuries, damages, and losses alleged in Plaintiffs' Complaint, none being admitted, were caused, in whole or in part, by the actions or inactions of parties and/or non-parties over whom This Defendant exercised no control, had no opportunity to anticipate or right to control,



and with whom This Defendant had no legal relationship by which liability could be attributed to it.

### NINTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of this Defendant and any alleged injuries to the Plaintiff.

### TENTH DEFENSE

Plaintiffs' claims are barred or limited to the extent Plaintiff failed to mitigate her damages.

### ELEVENTH DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs' damages are the result of a preexisting or otherwise unrelated medical condition.

### TWELFTH DEFENSE

Plaintiffs' medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

### THIRTEENTH DEFENSE

Plaintiffs' claims for damages and injuries are barred to the extent they were caused by a prior, new, intervening and/or superseding cause or circumstance beyond the control of this Defendant.

### FOURTEENTH DEFENSE

To the extent any other party or non-party is deemed responsible for Plaintiffs' injuries, in whole or in part, this Defendant seeks apportionment of damages pursuant to O.C.G.A. § 51-12-33.

### FIFTEENTH DEFENSE

Plaintiffs' recovery may be barred by additional defenses that this Defendant reserves the right to assert in the future.

### SIXTEENTH DEFENSE

This Defendant reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

### SEVENTEENTH DEFENSE

This Defendant responds to the individually numbered paragraphs of Plaintiffs' Complaint as follows:

1.

This Defendant admits it is a corporation existing under the laws of the State of Georgia and can be served with process via its registered agent Darel C. Sapp at 34 Gulfstream Road, Savannah, GA 31407. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint, which are therefore denied.

2.

This Defendant admits that Plaintiff was performing unauthorized activities on this Defendant's property. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint, which are therefore denied.

3.

This Defendant admits that Plaintiff was performing unauthorized activities on this Defendant's property. This Defendant is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint, which are therefore denied.

4.

This Defendant admits that Plaintiff was performing unauthorized activities on this Defendant's property. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint, which are therefore denied.

5.

This Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.

This Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.

This Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.

This Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.

This Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.

This Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.

This Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.

This Defendant denies the allegations contained in Paragraph 12 of the Complaint.

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 04/20/21 6:14 PM   Brian A. Hart  -Clerk of Court

All remaining allegations and inferences contained in Plaintiff's Complaint not heretofore specifically addressed, are denied in their entirety.

Plaintiff's Wherefore Paragraph is denied in its entirety.

**WHEREFORE,** Defendant **SAPP'S WRECKER SERVICE, INC.,** having fully answered Plaintiff's Complaint, prays as follows:

a)  that it be discharged without cost or liability;

b)  that it have a trial by a jury as to all issues properly triable by a jury;

c)  that a Pre-Trial Conference be held;

d)  that costs and attorneys' fees be assessed against Plaintiff; and

e)  that it have such other relief as the Court deems just and proper.

Respectfully submitted this 6th day of January, 2021.

**HALL BOOTH SMITH, P.C.**

*/s/ Sandro Stojanovic*
SCOTT H. MOULTON
Georgia State Bar No. 974237
SANDRO STOJANOVIC
Georgia State Bar No. 473114
*Counsel for Defendants*

191 Peachtree Street, NE
Suite 2900
Atlanta, GA 30303-1775
smoulton@hallboothsmith.com
sstojanovic@hallboothsmith.com

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

JACKIE HAYS,

      Plaintiff,

v.

SAPP'S WRECKER SERVICE, INC.,
DAVID THOMPSON, and NATIONAL
INTERSTATE INSURANCE COMPANY,

      Defendants.

CIVIL ACTION FILE NO.

STCV20-02315

## CERTIFICATE OF SERVICE

I hereby certify that on  this day I have served a copy of the within and foregoing **DEFENDANT SAPP'S WRECKER SERVICE, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** upon all parties to this matter by depositing same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with Odyssey E-File which will automatically send electronic notification to the following:

J. Boone Phillips
Phillips Carson & Phillips
1901 Abercorn Street
Savannah, GA 31401
Boone@SavannahLawyers.com

This 6th day of January, 2021.

HALL BOOTH SMITH, P.C.

*/s/ Sandro Stojanovic*
SCOTT H. MOULTON
Georgia State Bar No. 974237
SANDRO STOJANOVIC
Georgia State Bar No. 473114

*Counsel for Defendants*

191 Peachtree Street, NE
Suite 2900
Atlanta, GA 30303-1775
smoulton@hallboothsmith.com
sstojanovic@hallboothsmith.com

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 11/9/2020 2:14 PM                    *Brian R. Hart* -Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JACKIE HAYS, | |
| **Plaintiff,** | |
| v. | CIVIL ACTION FILE NO. |
| SAPP'S WRECKER SERVICE, INC., DAVID THOMPSON, and NATIONAL INTERSTATE INSURANCE COMPANY, | STCV20-02315 |
| **Defendants.** | |

## DEFENDANT DAVID THOMPSON'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, **DAVID THOMPSON**, ("this Defendant") and files the following Answer to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

This Defendant denies that this Defendant was negligent in any manner, or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by the Plaintiff.

### THIRD DEFENSE

Plaintiffs' alleged damages were directly and proximately caused by Plaintiffs' own contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiff is not entitled to recover from this Defendant.



### FOURTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided the incident referenced in the Complaint and, therefore, Plaintiff is not entitled to recover from this Defendant.

### FIFTH DEFENSE

The sole and proximate cause of the accident referenced in the Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than this Defendant. Therefore, Plaintiff is barred from any recovery against this Defendant.

### SIXTH DEFENSE

Some or all of Plaintiffs' claims may be barred by the doctrines of waiver, consent, release, failure of consideration, estoppel, fraud, illegality, injury by fellow servant, laches, license, Statute of Frauds, payment and/or accord and satisfaction.

### SEVENTH DEFENSE

To the extent any claim for punitive damages or attorney's fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, is or may be made by Plaintiff, no basis exists for such claims and, further, imposing punitive damages under the circumstances of this case upon this Defendant would violate their rights under the Constitution of the State of Georgia and the United States Constitution. Further in this regard, this Defendant specifically shows that a *bona fide* dispute exists to the extent that this Defendant is not liable to Plaintiff.

### EIGHT DEFENSE

The injuries, damages, and losses alleged in Plaintiffs' Complaint, none being admitted, were caused, in whole or in part, by the actions or inactions of parties and/or non-parties over whom This Defendant exercised no control, had no opportunity to anticipate or right to control,



and with whom This Defendant had no legal relationship by which liability could be attributed to it.

### NINTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of this Defendant and any alleged injuries to the Plaintiff.

### TENTH DEFENSE

Plaintiffs' claims are barred or limited to the extent Plaintiff failed to mitigate her damages.

### ELEVENTH DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs' damages are the result of a preexisting or otherwise unrelated medical condition.

### TWELFTH DEFENSE

Plaintiffs' medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

### THIRTEENTH DEFENSE

Plaintiffs' claims for damages and injuries are barred to the extent they were caused by a prior, new, intervening and/or superseding cause or circumstance beyond the control of this Defendant.

### FOURTEENTH DEFENSE

To the extent any other party or non-party is deemed responsible for Plaintiffs' injuries, in whole or in part, this Defendant seeks apportionment of damages pursuant to O.C.G.A. § 51-12-33.

### FIFTEENTH DEFENSE

Plaintiffs' recovery may be barred by additional defenses that this Defendant reserves the right to assert in the future.

### SIXTEENTH DEFENSE

This Defendant reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

### SEVENTEENTH DEFENSE

This Defendant responds to the individually numbered paragraphs of Plaintiffs' Complaint as follows:

1.

This Defendant admits that he is a resident of the State of Georgia and can be served with process 18 Windsor on the Marsh, Savannah, GA 31419. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint, which are therefore denied.

2.

This Defendant admits that Plaintiff was performing unauthorized activities on the property of Sapp's Wrecker Service, Inc. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint, which are therefore denied.

3.

This Defendant admits that Plaintiff was performing unauthorized activities on the property of Sapp's Wrecker Service, Inc. This Defendant is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint, which are therefore denied.

4.

This Defendant admits that Plaintiff was performing unauthorized activities on the property of Sapp's Wrecker Service, Inc. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint, which are therefore denied.

5.

This Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.

This Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.

This Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.

This Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.

This Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.

This Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.

This Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.

This Defendant denies the allegations contained in Paragraph 12 of the Complaint.

All remaining allegations and inferences contained in Plaintiff's Complaint not heretofore specifically addressed, are denied in their entirety.

Plaintiff's Wherefore Paragraph is denied in its entirety.

**WHEREFORE,** Defendant **DAVID THOMPSON,** having fully answered Plaintiff's Complaint, prays as follows:

a) that he be discharged without cost or liability;

b) that he have a trial by a jury as to all issues properly triable by a jury;

c) that a Pre-Trial Conference be held;

d) that costs and attorneys' fees be assessed against Plaintiff; and

e) that he have such other relief as the Court deems just and proper.

Respectfully submitted this 6th day of January, 2021.

**HALL BOOTH SMITH, P.C.**

*/s/ Sandro Stojanovic*
SCOTT H. MOULTON
Georgia State Bar No. 974237
SANDRO STOJANOVIC
Georgia State Bar No. 473114
*Counsel for Defendants*

191 Peachtree Street, NE
Suite 2900
Atlanta, GA 30303-1775
smoulton@hallboothsmith.com
sstojanovic@hallboothsmith.com

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

JACKIE HAYS,

      Plaintiff,

v.

SAPP'S WRECKER SERVICE, INC.,
DAVID THOMPSON, and NATIONAL
INTERSTATE INSURANCE COMPANY,

      Defendants.

CIVIL ACTION FILE NO.

STCV20-02315

### CERTIFICATE OF SERVICE

I hereby certify that on  this day I have served a copy of the within and foregoing **DEFENDANT DAVID THOMPSON'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** upon all parties to this matter by depositing same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with Odyssey E-File which will automatically send electronic notification to the following:

J. Boone Phillips
Phillips Carson & Phillips
1901 Abercorn Street
Savannah, GA 31401
Boone@SavannahLawyers.com

This 6th day of January, 2021.

**HALL BOOTH SMITH, P.C.**

/s/ Sandro Stojanovic
SCOTT H. MOULTON
Georgia State Bar No. 974237
SANDRO STOJANOVIC
Georgia State Bar No. 473114
*Counsel for Defendants*

191 Peachtree Street, NE
Suite 2900
Atlanta, GA 30303-1775
smoulton@hallboothsmith.com
sstojanovic@hallboothsmith.com

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. ON 01/04/2021 5:14 PM   *Brian H. Hart*   -Clerk of Court

# IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

**JACKIE HAYS,**

     **Plaintiff,**

**v.**

**SAPP'S WRECKER SERVICE, INC.,**
**DAVID THOMPSON, and NATIONAL**
**INTERSTATE INSURANCE COMPANY,**

     **Defendants.**

**CIVIL ACTION FILE NO.**

**STCV20-02315**

## DEFENDANT NATIONAL INTERSTATE INSURANCE COMPANY'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, **NATIONAL INTERSTATE INSURANCE COMPANY,** ("this Defendant") and files the following Answer to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

This Defendant denies that this Defendant was negligent in any manner, or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by the Plaintiff.

### THIRD DEFENSE

Plaintiffs' alleged damages were directly and proximately caused by Plaintiffs' own contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiff is not entitled to recover from this Defendant.



## FOURTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided the incident referenced in the Complaint and, therefore, Plaintiff is not entitled to recover from this Defendant.

## FIFTH DEFENSE

The sole and proximate cause of the accident referenced in the Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than this Defendant. Therefore, Plaintiff is barred from any recovery against this Defendant.

## SIXTH DEFENSE

Some or all of Plaintiffs' claims may be barred by the doctrines of waiver, consent, release, failure of consideration, estoppel, fraud, illegality, injury by fellow servant, laches, license, Statute of Frauds, payment and/or accord and satisfaction.

## SEVENTH DEFENSE

To the extent any claim for punitive damages or attorney's fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, is or may be made by Plaintiff, no basis exists for such claims and, further, imposing punitive damages under the circumstances of this case upon this Defendant would violate their rights under the Constitution of the State of Georgia and the United States Constitution. Further in this regard, this Defendant specifically shows that a *bona fide* dispute exists to the extent that this Defendant is not liable to Plaintiff.

## EIGHT DEFENSE

The injuries, damages, and losses alleged in Plaintiffs' Complaint, none being admitted, were caused, in whole or in part, by the actions or inactions of parties and/or non-parties over whom This Defendant exercised no control, had no opportunity to anticipate or right to control,

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 1/6/2021 2:14 PM

 -Clerk of Court

and with whom This Defendant had no legal relationship by which liability could be attributed to it.

### NINTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of this Defendant and any alleged injuries to the Plaintiff.

### TENTH DEFENSE

Plaintiffs' claims are barred or limited to the extent Plaintiff failed to mitigate her damages.

### ELEVENTH DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs' damages are the result of a preexisting or otherwise unrelated medical condition.

### TWELFTH DEFENSE

Plaintiffs' medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

### THIRTEENTH DEFENSE

Plaintiffs' claims for damages and injuries are barred to the extent they were caused by a prior, new, intervening and/or superseding cause or circumstance beyond the control of this Defendant.

### FOURTEENTH DEFENSE

To the extent any other party or non-party is deemed responsible for Plaintiffs' injuries, in whole or in part, this Defendant seeks apportionment of damages pursuant to O.C.G.A. § 51-12-33.

## FIFTEENTH DEFENSE

Plaintiffs' recovery may be barred by additional defenses that this Defendant reserves the right to assert in the future.

## SIXTEENTH DEFENSE

This Defendant reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

## SEVENTEENTH DEFENSE

This Defendant responds to the individually numbered paragraphs of Plaintiffs' Complaint as follows:

1.

This Defendant admits that it is a corporation existing under the laws of the State of Ohio and may be served with process via its registered agent Corporation Service Company, 40 Technology Parkway South, # 300, Norcross, GA 30092. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint, which are therefore denied.

2.

This Defendant admits that Plaintiff was performing unauthorized activities on the property of Sapp's Wrecker Service, Inc. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint, which are therefore denied.

3.

This Defendant admits that Plaintiff was performing unauthorized activities on the property of Sapp's Wrecker Service, Inc. This Defendant is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint, which are therefore denied.

4.

This Defendant admits that Plaintiff was performing unauthorized activities on the property of Sapp's Wrecker Service, Inc. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint, which are therefore denied.

5.

This Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.

This Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.

This Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.

This Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.

This Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.

This Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.

This Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.

This Defendant denies the allegations contained in Paragraph 12 of the Complaint.



All remaining allegations and inferences contained in Plaintiff's Complaint not heretofore specifically addressed, are denied in their entirety.

Plaintiff's Wherefore Paragraph is denied in its entirety.

**WHEREFORE**, Defendant **NATIONAL INTERSTATE INSURANCE COMPANY**, having fully answered Plaintiff's Complaint, prays as follows:

a)      that it be discharged without cost or liability;

b)      that it have a trial by a jury as to all issues properly triable by a jury;

c)      that a Pre-Trial Conference be held;

d)      that costs and attorneys' fees be assessed against Plaintiff; and

e)      that it have such other relief as the Court deems just and proper.

Respectfully submitted this 6th day of January, 2021.

                                        **HALL BOOTH SMITH, P.C.**

                                        */s/ Sandro Stojanovic*
                                        SCOTT H. MOULTON
                                        Georgia State Bar No. 974237
                                        SANDRO STOJANOVIC
                                        Georgia State Bar No. 473114
                                        *Counsel for Defendants*

191 Peachtree Street, NE
Suite 2900
Atlanta, GA 30303-1775
smoulton@hallboothsmith.com
sstojanovic@hallboothsmith.com

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

JACKIE HAYS,

      Plaintiff,

v.

SAPP'S WRECKER SERVICE, INC.,
DAVID THOMPSON, and NATIONAL
INTERSTATE INSURANCE COMPANY,

      Defendants.

CIVIL ACTION FILE NO.

STCV20-02315

### CERTIFICATE OF SERVICE

I hereby certify that on  this day I have served a copy of the within and foregoing **DEFENDANT NATIONAL INTERSTATE INSURANCE COMPANY'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** upon all parties to this matter by depositing same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with Odyssey E-File which will automatically send electronic notification to the following:

J. Boone Phillips
Phillips Carson & Phillips
1901 Abercorn Street
Savannah, GA 31401
Boone@SavannahLawyers.com

This 6th day of January, 2021.

HALL BOOTH SMITH, P.C.

*/s/ Sandro Stojanovic*
SCOTT H. MOULTON
Georgia State Bar No. 974237
SANDRO STOJANOVIC
Georgia State Bar No. 473114



*Counsel for Defendants*

191 Peachtree Street, NE
Suite 2900
Atlanta, GA 30303-1775
smoulton@hallboothsmith.com
sstojanovic@hallboothsmith.com