IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JACKIE HAYS, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SAPP'S WRECKER SERVICE, INC., )<br>DAVID THOMPSON, and NATIONAL )<br>INTERSTATE INSURANCE COMPANY, )<br>)<br>    Defendants. )<br>_____) | CASE NO. CV421-099 |

### O R D E R

Before the Court is Plaintiff Jackie Hays's Motion for Reconsideration (Doc. 11), which Defendants have opposed (Doc. 12). Also before the Court is Plaintiff's Withdrawal of Motion for Reconsideration. (Doc. 13.) In his motion for reconsideration, Plaintiff sought reconsideration of the Court's prior order denying his motion to remand. (Doc. 11 at 3.) However, Plaintiff now seeks to withdraw his motion for reconsideration. (Doc. 13 at 1.) After careful consideration, Plaintiff's motion to withdraw (Doc. 13) is **GRANTED**. Accordingly, Plaintiff's motion for reconsideration (Doc. 11) is **WITHDRAWN**.

However, Plaintiff's motion for reconsideration raised new concerns about whether this Court has subject matter jurisdiction over this case. (Doc. 11 at 2.) Because federal

courts are powerless to act without jurisdiction, "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." Univ. of S. Ala. V. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "Indeed it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Id. (citations omitted). Consequently, even though Plaintiff has withdrawn his motion for reconsideration, the Court must still consider whether the exercise of federal jurisdiction is appropriate in this case.

In his motion for reconsideration, Plaintiff argued that the Court lacks jurisdiction over this case pursuant to 28 U.S.C. § 1441(b)(2).[1] (Doc. 11 at 2.) Under § 1441(b)(2), also known as the forum-defendant rule, no defendant may remove a case from state to federal court on the basis of diversity "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28

---

[1] The Court notes that Plaintiff did not raise this argument in his motion to remand, but instead argued unsuccessfully that the parties were not diverse. (Doc. 5 at 3.) Accordingly, even if Plaintiff did not withdraw his motion for reconsideration, Plaintiff's new argument would not have warranted reconsideration of the Court's prior order. See McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1223 (M.D. Ga. 1997) ("The motion for reconsideration is not an opportunity for a party to improve upon his arguments or try out new arguments."); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (finding that considering new arguments post-order affords parties "two bites at the apple").

U.S.C. § 1441(b)(2); see Goodwin v. Reynolds, 757 F.3d 1216, 1218 (11th Cir. 2014); Sauls v. Sneed, 413 F. Supp. 3d 1132, 1136 (N.D. Ala. Sept. 13, 2019). Plaintiff initially brought this action in the State Court of Chatham County, Georgia, on December 4, 2020. (Doc. 1, Attach. 1 at 6.) On April 6, 2021, Defendants removed the case to this Court alleging that the Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1 at 3.) It is undisputed that Defendant SAPP's Wrecker Service, Inc. and Defendant David Thompson (the "Forum Defendants") are citizens of Georgia. (Id. at 2.) It is also undisputed that the Forum Defendants were served with process in December 2020, well before Defendants filed their notice of removal. (Doc. 1, Attach. 1 at 13, 15.) Accordingly, because the Forum Defendants are citizens of the state in which this action was brought, removal of this case is prohibited by § 1441(b)(2).[2]

Because this Court lacks jurisdiction pursuant to 28 U.S.C. § 1441(b)(2), this case is **REMANDED** to the State Court of Chatham County, Georgia. The Clerk of Court is **DIRECTED** to mail a

---

[2] Defendants argue that the case should not be remanded pursuant to § 1441(b)(2) because Plaintiff has not provided proof of service for Defendant National Interstate Insurance Company ("National"). (Doc. 12 at 1.) However, § 1441(b)(2) applies "if **any** of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." (emphasis added). Because it is undisputed that the Forum Defendants were served prior to removal, the forum-defendant rule prohibited removal of this action even if Defendant National was not properly served.

certified copy of this order to the Clerk of the State Court of Chatham County and **CLOSE** this case.

SO ORDERED this 3RD day of June 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA